```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   JACKSON DIVISION
```

**ALDERWOODS GROUP, INC.**                                    **PLAINTIFF**

VS.                                  CIVIL ACTION NO. 3:05CV605-WHB-AGN

**DAVID F. RIEMANN; MICHAEL RIEMANN**
**AND CHAD RIEMANN**                                          **DEFENDANTS**

<u>**OPINION AND ORDER**</u>

This cause is before the Court on Defendants' Motion for Change of Venue. Having considered the Motion and Response, as well as supporting and opposing authority, the Court finds that the Motion is well taken and should be granted.

**I.    Factual Background and Procedural History**

This case involves an alleged breach of non-competition agreements and other employment related disputes between Plaintiff Alderwoods Group, Inc. (hereinafter "Alderwoods") and Defendants David Riemann, Michael Riemann and Chad Riemann (hereinafter "D. Riemann," "M. Riemann" and "C. Riemann," respectively). Alderwoods is a national provider of funeral services and other related services. Prior to 1989, D. Riemann and M. Riemann owned and operated funeral related businesses (hereinafter "Riemann businesses"). All of the Riemann businesses were located along the Mississippi Gulf coast.

In 1989, the predecessor in interest to Alderwoods purchased the Riemannn businesses, and D. Riemann and M. Riemann began working for Alderwoods.  Pursuant to the purchase contract, D. Riemann and M. Riemann signed non-competition agreements. A series of additional non-competition agreement have been signed by D. Riemann and M. Riemann since 1989.  At some time after 1989, C. Riemann began working for Alderwoods.  However, he never signed a non-competition agreement.

On September 30, 2005, Defendants resigned from their employment positions with Alderwoods.  Defendants then purportedly began planning the formation of funeral businesses which would directly compete with Alderwoods.  It is important to note that all of the purported businesses in issue are located along the Mississippi Gulf coast, or counties adjoining the Gulf coast counties.  This area is within the *Southern Division* of the United States District Court for the Southern District of Mississippi.

Contending that Defendants actions violated the non-competition agreements and other duties owned by Defendants, Alderwoods filed the subject suit in this Court on October 5, 2005. Alderwoods seeks, *inter alia*, to enjoin Defendants from opening their proposed funeral businesses.  Defendants filed the instant Motion for Change of Venue on October 14, 2005, in which they contend that the proper venue for this case is the United States

District Court for the Southern District of Mississippi, *Southern Division*.  That Motion is now ripe for consideration.

## II.  Analysis

In determining whether this case should be transferred, the Court must consider the provisions of 28 U.S.C. § 1404(a).  Section 1404(a) states that "[f]or the convenience of the parties and witnesses, a district court may transfer any civil action to any other district or division where it might have been brought."  In <u>Mizell v. Prism Computer Corp.</u>, 27 F.Supp.2d 708 (S.D. Miss. 1998)(Wingate, J.), the court provided a detailed set of tests under which to consider a motion to transfer.  The court held:

> The party seeking transfer pursuant to §§ 1404(a) has the burden of establishing, by reference to particular circumstances and by a preponderance of the evidence, that the transferee forum is clearly more convenient and that transfer is proper. <u>Davidson v. Exxon Corporation</u>, 778 F.Supp. 909 (E.D.La.1991); <u>Frazier v. Commercial Credit Equipment Corporation</u>, 755 F.Supp. 163, 166 (S.D.Miss.1991). There must be a convincing showing of the right to have the case transferred since §§ 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient. <u>Southern Investors II v. Commuter Aircraft Corporation</u>, 520 F.Supp. 212, 213, 218 (M.D.La.1981), citing <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).
> The plain language of Title 28 U.S.C. §§ 1404(a) states that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Several factors must be considered, including the convenience of the parties; the convenience of witnesses; the interests of justice; location of counsel; the location of records and other documentary evidence; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; and the possibility of delay

and prejudice if transfer is granted, as well as the plaintiff's choice of forum. See Eddy v. Inland Bay Drilling & Workover, Inc., 784 F.Supp. 370, 375 (S.D.Tex.1992). In Apache Products Co. v. Employers Ins. of Wausau, 154 F.R.D. 650 (S.D.Miss.1994), this court also identified the factors that should be considered when deciding whether to transfer a case under §§ 1404(a), namely:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process, where necessary, over witnesses; (3) the cost of obtaining witnesses for attendance at trial; (4) the possibility of a view of the premises, if appropriate; (5) the enforceability of a judgment; (6) administrative difficulties of the court; (7) the local interest of the controversy, and the imposition of jury duty on citizens residing in the community having no relation to the litigation; (8) the propriety of having the action tried in a forum "at home" with the state law governing the case; (9) the plaintiff's choice of forum; (10) the possibility that trial in the original forum will result in inconvenience, vexation, oppression, or harassment of the defendant; and (11) "all other practical problems that make the trial of a case easy, expeditious, and inexpensive."

Id., 154 F.R.D. at 653 (citing Fullman v. AAA Cooper Transp. Co., 732 F.Supp. 54, 55 (N.D.Miss.1990))(quoting Radio Santa Fe, Inc. v. Sena, 687 F.Supp. 284, 287 (E.D.Texas 1988)).

Transfer under §§ 1404(a) is limited to those situations in which the district to which transfer is sought is one where the plaintiff could have entertained the suit originally. Frazier v. Commercial Credit Equipment Corp., 755 F.Supp. 163 (S.D.Miss.1991), citing Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 1089-90, 4 L.Ed.2d 1254 (1960). Thus, transfer may properly be made only where the court to which transfer is sought would have been a proper venue and would have had personal jurisdiction over all the defendants if it had been the original forum. Frazier v. Commercial Credit Equipment Corp., 755 F.Supp. at 165, citing Shutte v. Armco Steel Corporation, 431 F.2d 22, 24 (3rd Cir.1970), cert. denied, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971).

* * * * *

Of course, the general rule that the plaintiff's choice of forum is not to be disturbed does not obtain where it

    is clearly outweighed by other factors. Howell v. Tanner, 650 F.2d 610, 616 (5th Cir.1981).

Mizell, 27 F.Supp.2d at 712-13.

As noted above, all of the businesses in issue in this case are located in the *Southern Division* of the Southern District of Mississippi. Without the need for a detailed analysis, the Court finds that other than the Plaintiff's choice of forum, *all* of the remaining factors clearly favor transferring this case from the Jackson Division to the Southern Division. The Court therefore finds that the Defendants' Motion for Change of Venue should be granted.

### III.  Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that  Defendants' Motion for Change of Venue (docket entry no. 8) is hereby granted. The Clerk of the Court is directed to transfer this case to the United States District Court for the Southern District of Mississippi, *Southern Division*, and to re-assign this case to a District Judge in the Southern Division.

SO ORDERED this the 21st day of November, 2005.

                                                s/ William H. Barbour, Jr.
                                                UNITED STATES DISTRICT JUDGE

tct