IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ALDERWOODS GROUP, INC.** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 1:05CV563** |
| | § | |
| **DAVID F. RIEMANN, MICHAEL** | § | |
| **RIEMANN AND CHAD RIEMANN** | § | **DEFENDANTS** |

## ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AGAINST DEFENDANTS DAVID AND MICHAEL RIEMANN

**THIS CAUSE CAME BEFORE THE COURT** for a hearing of the Plaintiff's Motion for Preliminary Injunction [33] on March 3, 2006. All parties were present and represented by counsel. The Plaintiff and Defendants David Riemann and Michael Riemann have submitted post-hearing briefs. After due consideration of the record, testimony, arguments of counsel and the relevant law, it is the Court's opinion that Plaintiff's Motion should be denied as to Defendants David Riemann and Michael Riemann.

## DISCUSSION

The facts adduced at hearing relevant to the adjudication of this Motion are that Plaintiff Alderwoods Group, Inc. ("Alderwoods"), through its predecessor Loewen Group International, Inc. ("Loewen"), purchased Riemann's Funeral Home from Defendants David and Michael Riemann in 1989. David and Michael continued to be employed at Riemann Funeral Home through a series of agreements with Loewen or Alderwoods until 2005, when David and Michael were either terminated or resigned their employment. Although Chad Riemann began a competing funeral home business called Gulf Coast Funeral Homes, neither David Riemann nor Michael Riemann have been involved in providing funeral home services since their termination/resignation from Alderwoods in 2005.

The Plaintiff alleges in its Complaint that it has reason to believe that David and Michael Riemann

> are presently engaged in starting a funeral home business competitive to [Alderwoods] on the Mississippi Gulf Coast and in adjacent counties. Such actions would be not only a direct violation of the covenants not to compete agreement of both Michael Riemann and David Riemann but would also be violative of common law fiduciary and other duties and obligations owed to [Alderwoods] by David Riemann, Michael Riemann and Chad Riemann.

Complaint, pg. 7. The Plaintiff also alleges that David Riemann and Michael Riemann are planning to use its trade secrets and proprietary business information, and that they induced other valuable employees to leave employment with Alderwoods. Plaintiff requests an accounting of all resulting harm and an injunction against David, Michael and Chad Riemann.[1] David Riemann and Michael Riemann dispute that they are subject to a valid non-compete agreement.

<u>THE LEGAL STANDARD:</u>

To obtain a preliminary injunction, the applicant must show: (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm to the party whom the applicant seeks to enjoin, and (4) that granting the preliminary injunction will not disserve the public interest. *Lake Charles Diesel, Inc. v. Gen. Motors Corp.* 328 F.3d 192, 195-96 (5th Cir. 2003). The Fifth Circuit has "cautioned repeatedly that a preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Id.* at 196 (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.,* 760 F.2d 618, 621 (5th Cir. 1985)).

---

[1] By separate Order, the Court has denied Plaintiff's request for a preliminary injunction against Chad Riemann. *See* Docket entry no. 98.

THE PRELIMINARY INJUNCTION REQUIREMENTS:

After reviewing the evidence presented at hearing, as well as the post-hearing briefs submitted by the parties, the Court finds that the Plaintiff has failed to show that there is a substantial likelihood that it will prevail on the merits of the case. Plaintiff's allegations rest on its assumption that David and Michael Riemann are involved in a funeral home business on the Mississippi Gulf Coast. However, that assumption is not supported by the uncontradicted testimonial evidence presented at the hearing.

For example, Michael Riemann testified as follows:

Q. Have you ever been employed by Gulf Coast Funeral Homes?

A. No, sir.

Q. Do you have any ownership interest in Gulf Coast Funeral Homes?

A. No, sir.

Q. Have you ever solicited any customers for Gulf Coast Funeral Homes?

A. No, sir.

Q. Did you ever intend upon having an ownership interest in Gulf Coast Funeral Homes?

A. No, sir.

Q. Have you ever placed any advertisements in the newspaper, television, radio for Gulf Coast Funeral Homes?

A. No, sir.

Q. Have you helped Chad or Jason or any of the folks over there at Gulf Coast Funeral Homes?

A. No, sir.

> Q. Have you gone out and told folks that they ought not use Riemann Funeral Homes?
>
> A. No, sir.
>
> Q. Have you in any way competed with Riemann Funeral Homes?
>
> A. Not to my knowledge.

Transcript of Motion Hearing , pgs. 220-21.

Similarly, David Riemann's testimony was that he prepared to go into a competing funeral home business with his son Chad, but once he received notice of Alderwoods' suit against him, he discontinued his involvement:

> Q. And since that lawsuit was filed, have you done anything to go into competition with Alderwoods Group, Inc.?
>
> A. No, sir, I have not.

Transcript of Motion Hearing, pg. 306.

Therefore, apart from the parties' dispute about whether these Defendants were subject to a valid covenant not to compete, there has been no evidence showing that the Defendants ever actually competed. The testimony shows that David Riemann prepared and intended to compete, but he did not and has not done so. There was no evidence presented that Michael Riemann took any steps at all to compete against Alderwoods.

This failure of proof also affects the second preliminary injunction element; a substantial threat that Alderwoods will suffer irreparable injury if the injunction is not granted. Without some showing that David or Michael Riemann have been competing against Alderwoods, there can be no showing that they have caused or are causing Alderwoods to suffer any injury, much less "irreparable" injury. Nor did Alderwoods provide any evidence showing that it had suffered

an injury because of the actions of David or Michael Riemann.

Plaintiff also failed to produce any evidence whatsoever touching on the last two preliminary injunction requirements: the relative harm to the parties and the effect of a preliminary injunction on the public interest. Thus, the Plaintiff has manifestly failed to carry the burden of persuasion on the requirements for obtaining a preliminary injunction, and therefore has failed to demonstrate that it is entitled to a preliminary injunction against David Riemann or Michael Riemann.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion for Preliminary Injunction [33] against David Riemann and Michael Riemann is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 15th day of March, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE